IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

2011 DEC 16 AM 11:07

JOHN RANDALL FUTCH, )
)
    Petitioner, )
)
v. ) CASE NO. CV409-146
) CR402-285
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation[1] (Doc. 27), to which objections have been filed (Doc. 30).[2] After a careful de novo review of the record in this case, the Court concurs with the report and recommendation and concludes that Petitioner's objections are without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case, and Petitioner's § 2255 Petition is **DENIED**. Also, Petitioner's Motion to Supplement Objections (Doc. 33) is **DISMISSED AS MOOT**. As noted in the report and recommendation, the Court declines to grant Petitioner a Certificate of Appealability, rendering moot any request

---

[1] Previously, this Court rejected the initial report and recommendation (Doc. 26) and referred the matter back to the Magistrate Judge for reconsideration in light of the recent Supreme Court decision in Magwood v. Patterson, ___ U.S. ___, 130 S. Ct. 2788 (2010).

[2] The Court also reviewed Petitioner's supplemental objections and filings. (Docs. 29, 31, 32, 34, 36.)

for leave to appeal in forma pauperis. The Clerk of Court is **DIRECTED** to close this case.

Where there is no material difference in the language between § 2254 or § 2255 provisions, courts will not impose different standards on federal and state prisoners. See Murphy v. United States, 634 F.3d 1303, 1312 (11th Cir. 2011) (finding no material difference between § 2254's "judgment" and § 2255's "judgment of conviction"); see also Gonzalez v. Sec'y, Dep't of Corr., 366 F.3d 1253, 1262 (11th Cir. 2004) (en banc). Under 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, judgment refers to the "underlying conviction and [the] *most recent* sentence that authorizes the petitioner's current detention." Murphy, 634 F.3d at 1311 (emphasis in original) (quoting Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1292 (11th Cir. 2007)). A new judgment allows a petitioner to "challenge both the underlying conviction and the resentencing," id. (citations omitted), and any habeas petition[3] based upon a resentence "is not 'second or successive.'" Magwood, 130 S. Ct. at 2792 (holding that where there is a new judgment resulting

---

[3] 28 U.S.C. § 2244(b) refers to a habeas "application," but the Supreme Court uses the word "petition" and "application" interchangeably. Magwood, 130 S. Ct. at 2792 n.1.

2

from resentencing, a § 2254 petition challenging the new sentence is not second or successive).

In this case, Petitioner brings a § 2255 petition following his 2006 resentencing. Petitioner argues, inter alia, that his counsel was ineffective when appealing Petitioner's first sentence. (Doc. 1 at 5-13; Doc. 2 at 8-17; Doc. 30 at 1.) And while Petitioner's § 2255 petition also alleges constitutional errors that occurred during and after resentencing, Petitioner has brought claims related to his original sentence, not his conviction. (Doc. 1 at 4; Doc. 30 at 1.) Because Petitioner received a second direct appeal for his resentencing, his ineffective assistance of counsel claim based on his first sentencing is moot. Even so, Petitioner's surviving resentencing claims are without merit as outlined in the report and recommendation.

SO ORDERED this 16th day of December 2011.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3